ENTERED JAN 1 3 2015

STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE, SS. Clerk's Office
Cumberland, SS. Clerk's Office

JAN 0 2 2015

RECEIVED

UNIFIED CRIMINAL DOCKET
No. CR-14-4530

TDW-CUM-01-02-2015

STATE OF MAINE

v.                                              ORDER

DANIEL RUDY,

     Defendant

A hearing on the defendant's motion to suppress in the above-captioned case was held on December 11, 2014.

The court finds as follows:

On Friday July 11, 2014 the Westbrook Police Department established a sobriety checkpoint for both eastbound and westbound traffic on Route 302. The checkpoint was approved by the Chief of Police and was supervised by Westbrook Police Captain Thomas Roth. The location was selected based on frequency of OUI arrests along that route and because the road at that location was straight enough not to present any safety hazards.

The checkpoint was conducted from approximately 9:00 pm on July 11 to approximately 2:00 am on Saturday July 12. Public notice had been given that checkpoints would be employed, including on that weekend, but no advance notice was given as to the specific date and location of the Route 302 checkpoint. The checkpoint was identified by vehicles with flashing lights, by traffic cones along the center and sides of the road, and by officers wearing reflective vests and carrying flashlights.

The checkpoint was conducted according to a standard procedure designed by Captain Roth. The officers had no discretion as to which vehicles to stop, and all vehicles were stopped

except on three occasions when traffic became backed up and Captain Roth then gave instructions to wave through all cars until the there was no longer any significant delay.

There were usually three officers available to speak with motorists in both the eastbound and westbound lanes so three cars could be checked at any one time.[1] The typical interaction with a driver would last less than a minute, consisting of a brief explanation by the officer that this was a sobriety checkpoint followed by one or two questions, such as "where are you coming from?" and "have you had anything to drink?" A total of 185 vehicles were stopped at the checkpoint, and two drivers were arrested for OUI.

Measured against the standards set forth in *Michigan v. Sitz,* 496 U.S. 444 (1990), and *State v. Kent,* 2011 ME 42, 15 A.3d 1286, the court concludes that the State has established by a preponderance of the evidence that the conduct of the checkpoint and the initial stop of defendant Daniel Rudy's vehicle were legally valid.

Rudy was proceeding westbound on Route 302 when he encountered the checkpoint at approximately 9:50 pm, just after a number of vehicles had been waved through because traffic had backed up. At the checkpoint Rudy encountered Officer Benjamin Hall, who was the easternmost of the three officers checking westbound traffic. Unlike all of the motorists who preceded him, Rudy did not fully roll down his window to speak with Officer Hall. He rolled his window down only ¼ of the way. Rudy also did not answer the officer's questions as to where he was coming from or whether he had consumed any alcohol. Instead, he kept asking why he was being detained and whether the officer had any right to stop him.

At that point the two other motorists who were being checked at the same time had moved on. Officer Hall and a Sergeant who was also in the roadway then requested Rudy to

---

[1] Occasionally there were fewer than three officers if a car was pulled out of line or if an officer had to attend to other duties, but where possible, Captain Roth would direct other officers to substitute whenever there were not enough officers checking on cars.

2

proceed forward about 50 to 75 feet and pull into a side road. Officer Hall then walked forward and engaged Rudy in further conversation, during which time Officer Hall noticed the odor of alcohol, glassy eyes, and dilated pupils and Rudy told him that he had consumed some alcohol that evening. Those observations led to Officer Hall requesting Rudy to step out of his vehicle and perform field sobriety tests.

At the time that Officer Hall requested that Rudy pull out of line for further discussion, Officer Hall testified that he had seen no indication that Rudy was impaired. Hall did not testify that Rudy's failure to roll down his window more than 1/34 of the way or that Rudy's demeanor – which Hall described as "argumentative" – led him to suspect that Rudy might have been impaired. Hall also testified that Rudy could have continued driving rather than following the officer's request to pull to the side. However, under the circumstances on that evening, where Rudy had already been stopped at a checkpoint, the court finds that the officer's subsequent request that Rudy pull into the side road would have been considered to constitute an order.

In *State v. McPartland*, 2012 ME 12 ¶ 10, 36 A.3d 881, the Law Court held that once a motorist has been stopped at a sobriety checkpoint, a law enforcement officer cannot refer the motorist to the side of the roadway for additional screening unless the law enforcement officer has an objectively reasonable basis for suspecting that the motorist has been driving under the influence. The court does not need to consider whether Rudy's failure to roll down his window, his demeanor, and his failure to answer the officer's questions could have provided a basis for reasonable articulable suspicion because Officer Hall testified that he had no indication of impairment when he asked Rudy to pull out of line and turn into the side road. In this case the

State has not met its burden of proof of establishing objectively reasonable suspicion to refer Rudy for further screening.[2]

Defendant's motion to suppress is granted.

Dated: January 2, 2015

_____
Thomas D. Warren
Justice, Superior Court

---

[2] This is true even though the court would find that after Rudy pulled his vehicle into the side road and was subjected to further screening, Officer Hall thereafter acquired a reasonable articulable suspicion justifying field sobriety tests. But that only occurred after Rudy was detained for additional interaction for which the officer did not have reasonable articulable suspicion.

4

STATE OF MAINE  DISTRICT COURT
CUMBERLAND, ss. CRIMINAL ACTION
DOCKET NO.
TDW-CUM-08-04-14

STATE OF MAINE         )
                       )      **MOTION TO SUPPRESS**
v.                     )         **(Roadblock)**
                       )
DANIEL RUDY            )

**NOW COMES** Defendant, by and through counsel, and moved to suppress as evidence all statements made by the Defendant; all out of Court identifications of Defendant; all physical evidence obtained from Defendant or his motor vehicle and any observations made of Defendant or his motor vehicle subsequent to the initial investigatory confrontation.

As grounds for such relief, Defendant asserts that the roadblock that was implemented by the Westbrook Police Department was illegal and violated the Defendant's Constitutional rights. The roadblock that provided the government with the opportunity to initiate an investigatory confrontation with the Defendant, does not meet the requirements set forth in **Michigan v. Sitz, 496 U.S. 444 (1990).** The roadblock thus constituted an illegal stop and seizure of the Defendant. **29-A M.R.S.A. § 2414.** Notwithstanding these illegalities, all searches of the Defendant's person, automobile and/or belongings were performed illegally, and lacked any consent or probable cause that could excuse or justify the intrusion by the government in this case.

The Defendant therefore requests this Honorable Court suppress all evidence,

searches, observations and testimony obtained by the government from the point of the stop through and including the arrest and search of the Defendant, his person and his automobile.

DATED: August 4, 2014

**NICHOLS & WEBB, P.A.**

By: _____
SARAH A. CHURCHILL, ESQ.
Maine Bar Reg. No. 9320
Attorney for the Defendant

477 Congress Street
Suite 800
Portland, Maine 04101
207-879-4000

CRIMINAL DOCKET
CUMBERLAND, ss.
Docket No    CUMCD-CR-2014-04530

**DOCKET RECORD**

DOB: 03/28/1983
Attorney:    SARAH CHURCHILL                        State's Attorney:    STEPHANIE ANDERSON
             NICHOLS & WEBB PA
             16 MIDDLE ST
             SACO ME 04072
             RETAINED 08/06/2014

**Charge(s)**

1    OPERATING UNDER THE INFLUENCE                          07/11/2014      WESTBROOK
Seq 11493          29-A  2411(1-A)(A)          Class D
ROTH                                    /    WES
2    UNLAWFUL POSSESSION OF SCHEDULED DRUG                  07/11/2014      WESTBROOK
Seq 8574           17-A  1107-A(1)(F)          Class E    Charged with COMPLAINT on Supplemental Filing.
ROTH                                    /    WES

**Docket Events:**

07/16/2014  FILING DOCUMENT - NON CASH BAIL BOND FILED ON 07/14/2014

07/16/2014  Charge(s):  1
            HEARING - ARRAIGNMENT SCHEDULED FOR 09/02/2014 at 08:30 a.m. in Room No.  1

            NOTICE TO PARTIES/COUNSEL
07/16/2014  BAIL BOND - $3,500.00 UNSECURED BAIL BOND FILED ON 07/14/2014

            Bail Amt:  $3,500
            Date Bailed:  07/12/2014
            952
08/07/2014  Party(s):    DANIEL J RUDY
            ATTORNEY - RETAINED ENTERED ON 08/06/2014

            Attorney: SARAH CHURCHILL
08/07/2014  Charge(s):  1,2
            SUPPLEMENTAL FILING - COMPLAINT FILED ON 08/04/2014
            JAMES  TURCOTTE , ASSISTANT CLERK
08/08/2014  MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 08/08/2014

            Attorney: SARAH CHURCHILL
            PER COUNSEL NO OBJECTION DA'S OFFICE
08/11/2014  MOTION - MOTION TO AMEND BAIL GRANTED ON 08/08/2014
            ROLAND A COLE , JUSTICE
            COPY TO PARTIES/COUNSEL
09/03/2014  Charge(s):  1
            HEARING - ARRAIGNMENT WAIVED ON 09/02/2014

            Attorney: SARAH CHURCHILL
09/03/2014  Charge(s):  1,2
            PLEA - NOT GUILTY ENTERED BY COUNSEL ON 08/06/2014

            Attorney: SARAH CHURCHILL
09/٨  _014  Charge(s):  1,2
            HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 11/20/2014 at 01:00 p.m. in Room No.  7

09/03/2014 Charge(s): 1,2
TRIAL - JURY TRIAL SCHEDULED FOR 01/12/2015 at 08:30 a.m. in Room No. 11

NOTICE TO PARTIES/COUNSEL
11/07/2014 Charge(s): 1,2
HEARING - DISPOSITIONAL CONFERENCE NOTICE SENT ON 11/07/2014

11/20/2014 Charge(s): 1,2
HEARING - DISPOSITIONAL CONFERENCE HELD ON 11/20/2014
ROLAND A COLE , JUSTICE
Attorney: SARAH CHURCHILL
DA: MATTHEW TICE
UNRESOLVED. CONTINUE TO MOTION HEARING. MOTION HEARING TO BE SCHEDULED 12-11-14. PER J. COLE
12/11/2014 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 12/11/2014

12/11/2014 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 12/11/2014 at 01:00 p.m. in Room No. 1

NOTICE TO PARTIES/COUNSEL
12/12/2014 HEARING - MOTION TO SUPPRESS HELD ON 12/12/2014
THOMAS D WARREN , JUSTICE
Attorney: SARAH CHURCHILL
DA: MATTHEW TICE
TAPE 6471 & 6472
12/12/2014 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 12/11/2014

12/19/2014 OTHER FILING - MEMORANDUM OF LAW FILED ON 12/19/2014

Attorney: SARAH CHURCHILL
BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS.
12/19/2014 OTHER FILING - MEMORANDUM OF LAW FILED ON 12/19/2014

DA: MATTHEW TICE
STATE'S MEMO IN SUPPORT OF MOTION TO SUPPRESS.
01/02/2015 ORDER - COURT ORDER ENTERED ON 01/02/2015

DEFENDANT'S MOTION TO SUPPRESS IS GRANTED.

A TRUE COPY
ATTEST: _____
              Clerk